___

**SO ORDERED,**



*Judge Jason D. Woodard*

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| JE'LISA H. MCGEE, | ) | Case No.: | 18-12333-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 13 |

| | | | |
|---|---|---|---|
| JE'LISA H. MCGEE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 22-01008-JDW |
| | ) | | |
| | ) | | |
| MA MY DUNG, SYLVIA BAKER, | ) | | |
| in her capacity as Lafayette | ) | | |
| County Tax Collector/Assessor, | ) | | |
| and SHERRY WALL, in her | ) | | |
| capacity as Lafayette County | ) | | |
| Chancery Clerk, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court for trial on the *Complaint*[1] filed by the plaintiff-debtor Je'Lisa H. McGee against defendants My Dung Ma (a tax sale purchaser), Sylvia Baker (Lafayette County Tax Collector/Assessor), and Sherry Wall (Lafayette County Chancery Clerk).[2] The plaintiff seeks to set aside a tax sale of her homestead and argues that the tax sale is void because it was held in violation of the automatic stay of 11 U.S.C. § 362, or alternatively, the tax sale was not properly conducted under state law because there was no notice to the plaintiff.

The Court admitted documents into evidence, heard testimony from witnesses, and arguments from the parties. The Court finds and concludes there was an automatic stay violation, and the tax sale must be set aside. Judgment will be entered in favor of the plaintiff-debtor.

## I.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of*

---

[1] (A.P. Dkt. # 1). Citations to (A.P. Dkt. # --) refer to docket entries in the adversary proceeding (A.P. No. 22-01008). Citations to (Dkt. # --) refer to docket entries in the bankruptcy case (Case No. 18-12333).

[2] Neither Ms. Wall nor Ms. Baker filed an answer to the *Complaint*. This Court entered an order denying a motion for default judgment against Ms. Ma (who had answered) but held the motion in abeyance against the other defendants as granting the relief sought would have impacted the remainder of the case. (A.P. Dkt. # 18). The motion as to the other defendants—the tax collector/assessor and the chancery clerk—is now due to be granted.

*Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (K), (N), and (O).

## II. FINDINGS OF FACT[3]

The simple timeline drives the result of this adversary proceeding. The debtor owned property located at 1707 Burney Branch Drive in Oxford, Mississippi. She failed to pay her Lafayette County ad valorem taxes for 2017. On June 15, 2018, she filed a chapter 13 bankruptcy petition.[4] On August 27, 2018, the taxing authority sold the property via tax sale to Ms. Ma, who was unaware of the debtor's bankruptcy case.[5]

Ms. Ma thereafter paid the property taxes every year. After the redemption period passed for the 2017 taxes, the chancery clerk tendered a tax deed to Ms. Ma for the property on June 1, 2021.[6] The debtor's bankruptcy case was pending, and the automatic stay was in place, both when the tax sale occurred and the tax deed was issued.

The debtor later discovered the tax sale and filed this adversary proceeding to set it aside.[7] The debtor agrees that if the tax sale is set aside,

---

[3] To the extent any findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[4] (Dkt. # 1).
[5] (Ex. 7). The plaintiff makes no claim that the defendants willfully violated the automatic stay and no monetary damages are sought by the plaintiff.
[6] *Id.*
[7] (A.P. Dkt. # 1).

3

she owes Ms. Ma reimbursement for all the taxes she paid, plus all other charges and interest under Mississippi Code § 27-45-27.

### III. CONCLUSIONS OF LAW

When the bankruptcy case was filed, the property was owned by the debtor. It was property of the bankruptcy estate and any action against it was barred by the automatic stay.[8] The debtor's bankruptcy case remained pending at the time of the tax sale and the issuance of the tax deed. None of the defendants ever sought relief from the automatic stay and the stay was never lifted.

The United States Court of Appeals for the Fifth Circuit and bankruptcy courts in Mississippi have been clear that a tax sale held in violation of the automatic stay must be set aside.[9] As the automatic stay was in place at all relevant times in this adversary proceeding, the sale violated federal bankruptcy law and must be declared void. Having reached this conclusion on the first issue, the Court does not reach the issue of whether the sale was properly conducted in accordance with state law.

At the trial, there was some discussion regarding the applicability of 11 U.S.C. § 549(c). This provision applies to postpetition transfers and provides

---

[8] 11 U.S.C. §§ 541, 362.
[9] *Elbar Invs., Inc. v. Pierce (In re Pierce)*, 91 Fed. Appx. 927, 929 (5th Cir. 2004); *Key v. Cannon (In re Key)*, 276 B.R. 452, 455 (Bankr. N.D. Miss. 2000).

4

an affirmative defense for good faith purchasers against the trustee's avoidance powers. The Fifth Circuit, however, has confirmed that § 549(c) does not apply here because "§ 549(c) is not an exception to the automatic stay."[10] Despite the inapplicability of section 549(c), Ms. Ma still holds a claim for the taxes she paid, plus other charges and interest under Mississippi Code § 27-45-27. Any action to enforce a statutory lien arising under this section, however, will remain stayed until the close of the debtor's bankruptcy case.

The debtor has indicated that she has funds on hand to pay Ms. Ma's claim in full in the next month. As such, the debtor does not intend to seek a modification of her confirmed chapter 13 plan. For the avoidance of doubt, the Court must make clear that any action by Ms. Ma to collect the debt outside this Court remains stayed while the bankruptcy case is pending. But should the plaintiff fail to pay Ms. Ma in full before the conclusion of the bankruptcy case, the debt shall be nondischargeable under 11 U.S.C. § 523(a)(3) and will survive the bankruptcy case.

## IV. CONCLUSION

The tax sale violated the automatic stay and must be set aside. Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the

---

[10] *Bustamante v. Cueva (In re Cueva)*, 371 F.3d 232, 238 (5th Cir. 2004).

tax sale of the debtor's property is hereby **SET ASIDE** and a recordable final judgment will be entered to that effect.

It is **FURTHER ORDERED** that the debtor's motion for default judgment[11] is **GRANTED** as to the tax collector/assessor, Sylvia Baker, and the chancery clerk, Sherry Wall.

It is **FURTHER ORDERED** that all amounts due to Ms. Ma under Mississippi Code § 27-45-27 are **NONDISCHARGEABLE** under 11 U.S.C. § 523(a)(3).

A separate final judgment will be entered pursuant to Federal Rule of Bankruptcy Procedure 7058.

## ##END OF OPINION##

---

[11] (A.P. Dkt. # 11).